# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO FERNANDEZ,<br><br>                    Petitioner,<br>vs.<br><br>M. MARTEL, Warden,,<br><br>                    Respondent. | CASE NO. 08-CV-816 JLS (CAB)<br><br>**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION, (2) DENYING THE HABEAS CORPUS PETITION, AND (3) DISMISSING THE CASE WITH PREJUDICE**<br><br>(Doc. No. 8) |

Presently before the Court is Alberto Fernandez's (Petitioner) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ("Petition")[1].) The petition challenges the constitutionality of Petitioner's conviction on two grounds. Also before this Court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation (R&R) advising this Court to deny petition, (Doc. No. 8 ("R&R").) and Petitioner's objections.[2] (Doc. No. 15 ("Objections").) For the following reasons, the Court **ADOPTS** the report and recommendation and **DISMISSES** the petition.

//

---

[1] Pinpoint citations to the petition will refer to the page number assigned by CM/ECF.

[2] Petitioner's initial objections consist mostly of a grievance about Magistrate Judge Bencivengo not granting his request for a second extension of time to file his traverse. (Doc. No. 12.) Because Petitioner failed to meaningfully object to the R&R's conclusions, the Court offered him the opportunity to amend those objections. (Doc. No. 13.) To the extent that this order refers to Petitioner's objections, it is referring to the amended objections set forth in docket entry 15.

**FACTUAL BACKGROUND**

Magistrate Judge Bencivengo's R&R contains a thorough and accurate recitation of the facts underlying Petitioner's conviction and those regarding his state court trial. (R&R, at 1–4.) This Order incorporates by reference the facts as set forth in the R&R.

**PROCEDURAL HISTORY**

Petitioner filed the instant petition on February 15, 2008 in the Eastern District of California, claiming that the state trial court's evidentiary rulings violated his due process rights. (Petition, at 13 & 16.) On May 2, 2008, this case was transferred to the Southern District of California. (Doc. No. 1.) On July 11, 2008, Respondent filed a response to the petition. (Doc. No. 4.) Petitioner filed a motion for extension of time on August 15, 2008 which was granted on August 20, 2008. (Doc. Nos. 6 & 7.) Magistrate Judge Bencivengo issued her R&R recommending that the Court deny the petition on September 22, 2008. (Doc. No. 8.) On October 29, 2008, the Court received Petitioner's objections. (Doc. No. 12.) On December 18, 2008, the Court granted Petitioner leave to file amended objections. (Doc. No. 13.) On February 11, 2009, the Court received Petitioner's amended objections. (Doc. No. 15.)

**LEGAL STANDARDS**

**I.   REVIEW OF THE REPORT AND RECOMMENDATION**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

**II.   REVIEW OF HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2254**

Magistrate Judge Bencivengo correctly stated the governing legal standard in her R&R, but for the sake clarity, it is restated here. (R&R, at 4–5.) Pursuant to 28 U.S.C. § 2254(a), this Court may only review claims within an application for a writ of habeas corpus based "on the ground that [the Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."

Where the Petitioner is "in custody pursuant to the judgment of a State court," this Court may only grant the petition if:

> the adjudication of the claim [either] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), federal law must be "clearly established" in order to support a habeas claim. The United States Supreme Court has held that "clearly established" "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). The Supreme Court has explained that a state court decision may be "contrary to" clearly established precedent in two circumstances. First, "if the state court applies a rule that contradicts the governing law set forth in" decisions of the Supreme Court, it is "contrary to" clearly established law. Id., at 405. Second, where "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent," it will also be "contrary to" clearly established law. Id., at 406.

Similarly, a state court decision involves an "unreasonable application" of clearly established law in two general cases. First, the "unreasonable application" test is satisfied "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id., at 407. Second, a state court unreasonably applies federal law where it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. Under the unreasonable application prong, "[i]t is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a 'firm conviction' that the state court was 'erroneous.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted). That is, "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' Rather, that application must be objectively unreasonable."

Id., at 75–76 (citations omitted).

Finally, § 2254 authorizes habeas relief where the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2). This provision requires the petitioner to demonstrate by clear and convincing that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## ANALYSIS

Magistrate Judge Bencivengo found that Petitioner's due process rights were not violated by either of the trial court's evidentiary rulings. (R&R, at 10 & 12.) Petitioner argues that the Judge Bencivengo "fail[ed] to properly identify the issue[s] raised."[3] (Objections, at 1 & 5.) After a thorough *de novo* review of all relevant materials, this Court **ADOPTS IN FULL** Magistrate Judge Bencivengo's R&R.

**I.   STATE LAW VIOLATIONS**

Although Petitioner does not state it explicitly, his objections could easily be construed as having their sole basis in the violation of state law. Both of the grounds on which habeas relief is sought involve the admission and exclusion of evidence in a state court criminal proceeding. It is plainly established that a violation of state law does not provide a basis for federal relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Thus, to the extent that Petitioner's claims are based on the premise that the trial court violated state law, they are not cognizable and therefore **DENIED**. Id.

**II.   EVIDENCE OF PETITIONER'S PRIOR SEXUAL BEHAVIOR**

Petitioner's first constitutional claim involves the trial court's decision to admit evidence that (1) he began his relationship with his wife when she was 13 years old, and (2) that he sexually assaulted his wife's sister at the ages of 12 and 14 or 15. (Petition, at 13.) Petitioner argues that this was a "fundamental constitutional error." (Objections, at 1.)

   *A.   Clearly Established Federal Law*

---

[3] In spite of Petitioner's contention, it is clear that the "failed to properly identify" language is mere surplusage as Magistrate Judge Bencivengo identified precisely the issues noted in Petitioner's objections.

"It is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process." Spivey v. Rocha, 194 F.3d 971, 977–78 (9th Cir. 1999). This sort of prejudice occurs where the error has a "substantial and injurious effect" on the trial's outcome. Eslaminia v. White, 136 F.3d 1234, at 1237 (9th Cir. 1998). "Admission of evidence violates due process '[o]nly if there are *no* permissible inferences the jury may draw' from it." Boyde v. Brown, 404 F.3d 1159, 1172 (9th Cir. 2005) (quoting Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991)). In the particular case of evidence of prior bad acts used to show a propensity for committing the charged crime, the Ninth Circuit has held that there is no clearly established due process right to the exclusion of such evidence. Alberni v. McDaniel, 458 F.3d 860, 867 (9th Cir. 2006).

  *B.  This Evidence Did Not Violate Petitioner's Due Process Rights*

First, as the Ninth Circuit has clearly held, and Magistrate Judge Becnivengo found, there is no due process right to have propensity evidence excluded. Alberni, 458 F.3d at 867; R&R, at 6. Rejecting Petitioner's argument on this propensity evidence is clearly not "contrary to" or an "unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d).

Second, as stated in the R&R, even under the general standard for evidentiary admissions, Petitioner's claim must fail. (R&R, at 6–10.) As stated above, the "[a]dmission of evidence violates due process '[o]nly if there are *no* permissible inferences the jury may draw' from it." Boyde, 404 F.3d at 1172 (quoting Jammal, 926 F.2d at 920). In this case, both Petitioner's wife and his wife's sister gave testimony that was relevant and probative to the case's central issues. (See, e.g., Lodgment No. 22, at 11–12.) Petitioner's wife's testimony was relevant to the issue of Petitioner's sexual attraction to young girls. (Id., at 12 (Petitioner's "premarital sexual contact with her when she was about 13 years old . . . was relevant to show [his] propensity to be sexually attracted to girls in their early teen years.").) Moreover, it was not unreasonable for the trial court to admit this testimony in light of the far more prejudicial testimony elicited by defense counsel regarding Petitioner's physical abuse and rape of his wife. (Id.) Similarly, the testimony of Petitioner's sister-in-law also offered a number of permissible inferences for the jury to draw, because there were "significant similarities between the uncharged and charged incidents." (Id., at 11.) Since the "[a]dmission of evidence

1 violates due process '[o]nly if there are *no* permissible inferences the jury may draw' from it," and
2 there were permissible inferences for the jury to draw here, this testimony does not constitute a due
3 process violation warranting habeas relief.

4       Petitioner's objections are somewhat incoherent, and totally inapposite. Petitioner's arguments
5 about the trial court's "reasonable doubt" and "preponderance of the evidence" instructions are simply
6 incorrect. (See Objections, at 2, & 4–5.)  The trial court did not allow the jury to convict Petitioner
7 by finding a preponderance of the evidence. (Lodgment No. 1 at 85 (instructing the jury that he
8 presumption of a defendant's innocence "requires that the People prove each element of a crime
9 beyond a reasonable doubt.") Rather, the Court allowed the jury to *take into consideration* the
10 propensity evidence presented by the prosecution *if* it had been proven by a preponderance of the
11 evidence. (Id., at 96–97 (allowing the jury to consider the evidence of uncharged offenses if proven
12 by a preponderance of the evidence but stating that the commission of these offenses "is only one
13 factor to consider" and "not sufficient by itself to prove that the defendant is guilty").)  These prior
14 bad acts were not "fact[s] necessary to constitute the crime," and therefore Petitioner had no right to
15 their determination by the "beyond a reasonable doubt standard." In re Winship, 397 U.S. 358, 364
16 (1970).

17       Similarly, it is not constitutionally problematic that there "were no police reports supporting
18 [these] allegations," that there was no collection or preservation of evidence, and no formal allegations
19 lodged against petitioner. (Objections, at 2.)  Petitioner's conviction was not from these allegations,
20 nor was he even charged with a crime regarding these incidents.  The testimony from his wife and
21 sister-in-law was simply to help establish that Petitioner had a propensity to commit the crime with
22 which he was actually charged. (Lodgment No. 22, at 12.)  The state is not constitutionally required
23 to prosecute or even investigate a crime in order to introduce evidence about that crime at trial.  The
24 Court finds Petitioner's citations to Arizona v. Youngblood, 488 U.S. 51 (1988), California v.
25 Trombetta, 467 U.S. 479 (1984), Brady v. Maryland, 373 U.S. 83 (1976), and Mooney v. Holohan,
26 294 U.S. 103 (1935) unpersuasive. (Objections, at 3–4.)  Similarly, the events in question were not
27 remote in time from the events charged.  As such, considering these allegations did not "render[] the
28 state proceedings so fundamentally unfair as to violate due process." Spivey v. Rocha, 194 F.3d 971,

1  977–78 (9th Cir. 1999). Since the state court decision was not contrary to and did not unreasonably
2  apply clearly established federal law, Petitioner is not entitled to relief on this claim.

3  **III.  PETITIONER'S EXPERT TESTIMONY**

4  Petitioner also claims that the trial court violated his constitutional right to present a defense
5  by excluding portions of his expert witness's testimony. (Petition, at 4–6.) The R&R concluded that
6  the state court determination that this exclusion was not an abuse of discretion was not contrary to
7  clearly established federal. (R&R, at 10–12.) After *de novo* review, this Court agrees with Magistrate
8  Judge Bencivengo and finds that Petitioner is not entitled to relief.

9  Citing Crane v. Kentucky, 476 U.S. 683 (1986), Petitioner notes that the constitution
10 guarantees a meaningful opportunity to present a complete defense. Id., at 690. He claims that the
11 "exclusion of evidence violates due process if the excluded evidence is both highly reliable and
12 relevant to the defense or where the application of the evidentiary rule in question is not rationally
13 related to its intended purpose." (Objections, at 5–6 (citing Holmes v. South Carolina, 547 U.S. 319,
14 330–31 (2006)).)

15 The evidence in question here is the testimony of Dr. Constance Dalenberg. (Petition, at 4.)
16 Petitioner's defense counsel called Dr. Dalenberg to testify about studies regarding factors that
17 account for false accusations from children. At trial, the court found that some of Dr. Dalenberg's
18 testimony constituted her opinion that Petitioner's accuser was lying. (Lodgment 22, at 13–17.) In
19 light of this, the Court admonished Dr. Dalenberg to not give opinions about the accuser, and struck
20 portions of the testimony where Dr. Dalenberg reviewed the reports of the case or specifically referred
21 to the accuser's statements or testimony (Id., at 14–15.) Nonetheless, the jury was permitted to
22 consider the factors identified by Dr. Dalenberg. (Id., at 15–16.) When Petitioner challenged this
23 finding at the California Court of Appeal, the court found that the trial court did not abuse its
24 discretion by excluding the specific testimony. (Lodgment 22, at 20–22.)

25 This decision was not contrary to, nor an unreasonable application of, clearly established
26 federal law. As stated above, "a state court's evidentiary ruling, even if erroneous, is grounds for
27 federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due
28 process." Spivey, 194 F.3d at 977–78. This ruling clearly did not render petitioner's proceeding

"fundamentally unfair." As an initial matter, Petitioner's citations to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), are irrelevant. In this case, the trial court did not exclude Dr. Dalenberg's testimony because it was scientifically unsound. Instead, the portions of Dr. Dalenberg's testimony that were stricken related to her testimony regarding Petitioner's accuser's credibility. (Objections, at 6.) This is an issue of witness competence, not expert reliability. As a general rule, credibility determinations are for the jury. <u>United States v. Schonenberg</u>, 396 F.3d 1036, 1043 (9th Cir. 2005); (Lodgment No. 22, at 18 ("Generally, an expert may not give an opinionf whether a witness is telling the truth because the determination of credibility is not a subject sufficiently beyond common experience that the expert's opinion would assist the trier of fact.")). Petitioner does not have a due process right to substitute an expert's credibility determinations for those of the jury.

Further, the Court did not exclude all of Dr. Dalenberg's testimony and allowed the portions that were consistent with the purpose for which she was presented. (Lodgment No. 22, at 15–16; <u>see also</u> R&R, at 12 (detailing which portions of Dr. Dalenberg's testimony were allowed).) This is particularly relevant to Petitioner's claim that "<u>this</u> jury needed an expert's opinion to assist it in comprehending the defense." (Opposition, at 6.) This jury received an expert's opinion and the information on false reports of sexual abuse by children. It was equipped by Dr. Dalenberg's testimony to determine whether or not Petitioner's accuser was or was not credible. Petitioner was not precluded from presenting his complete defense by the exclusion of the stricken testimony. Therefore, the Court finds that Petitioner is not entitled to relief on this claim.

//
//
//
//
//
//
//
//

**IV.     Evidentiary Hearing**

Because the Court concludes that Petitioner is not entitled to habeas corpus relief for either of his claims, Petitioner's request for an evidentiary hearing is **DENIED.**

### CONCLUSION

For the reasons stated above, this Court **ADOPTS IN FULL** Magistrate Judge Bencivengo's report and recommendations.  Petitioner's petition is hereby **DENIED WITH PREJUDICE**.  The Clerk shall close the file.

IT IS SO ORDERED.

DATED: March 18, 2009

Honorable Janis L. Sammartino
United States District Judge