# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO FERNANDEZ,<br><br>                 Petitioner,<br>vs.<br><br>M MARTEL,<br><br>                 Respondent. | CASE NO. 08-CV-816 JLS (CAB)<br><br>**ORDER: DENYING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No. 19.) |

      Alberto Fernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 22, 2008, pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") recommending that the Court deny the petition. (Doc. No. 8.) Petitioner filed objections on October 12, 2008. (Doc. No. 12.) The Court then permitted Petitioner to file amended objections, (Doc. No. 13) which Petitioner filed on February 11, 2009. (Doc. No 15.) Having reviewed Petitioner's objections and the R&R, the Court adopted Magistrate Judge Bencivengo's recommendation over the objections and dismissed Petitioner's petition. (Doc. No. 16.) On April 16, 2009, Petitioner filed a notice of appeal (Doc. No. 18) and the present application for a certificate of appealability. (Doc. No. 19.)

      A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

1 constitutional claims or that jurists could conclude the issues presented are adequate to deserve
2 encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003); <u>see also</u> <u>Slack</u>
3 <u>v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability
4 indicating which issues satisfy the required showing or (2) state why a certificate should not issue.
5 Fed. R. App. P. 22(b).

6       In this case, Petitioner raises two legal issues. First, Petitioner argues that this Court erred by
7 "requiring a narrow Supreme Court holding." (Memo. ISO Motion, at 3.) Petitioner claims that his
8 due process rights were violated by the trial court when it admitted facts allegedly too remote in time
9 and place for him to defend. Plaintiff argues that there is no need for a narrow Supreme Court holding
10 on point and that "the question of remoteness is sufficiently debatable to warrant issuance of a COA."
11 (<u>Id.</u>, at 5.) The Court finds that reasonable jurists would agree that admission of evidence regarding
12 Petitioner's relationship with his wife and his sexual assaults on his wife's sister was not so prejudicial
13 that it rendered his trial fundamentally unfair and thus violate due process. The incident with
14 Petitioner's sister-in-law occurred only six years before the first incident with his daughter. (<u>See</u>
15 R&R, at 7–8.) Moreover, Petitioner's counsel introduced the evidence of his sexual relationship with
16 his wife. (<u>See</u> <u>id.</u>, at 8–9.) This evidence did not have a substantial and injurious effect on the jury's
17 verdict, and, therefore, a certificate of appealability is not warranted.

18       Second, Petitioner claims that the Court erred in finding that the state court's exclusion of a
19 portion of his expert witness's testimony was not contrary to or an unreasonable application of clearly
20 established law. (Memo. ISO Motion, at 5–6.) He claims that the admission of the prior act testimony
21 "distracted [the jury] with allegations the petitioner did not have a hope of countering." (<u>Id.</u>)
22 Petitioner argues that the district court abused its discretion by excluding the testimony about "the
23 victim['s ability] to tell the truth under these circumstances." (<u>Id.</u>, at 6.) The Court finds that
24 reasonable jurists would agree that the decision to exclude a portion of Petitioner's expert witness
25 testimony was not contrary to or an unreasonable application of clearly established law. This decision
26 did not render Petitioner's "state proceedings so fundamentally unfair as to violate due process," as
27 Plaintiff was able to present his defense regarding false reports by children of sexual abuse.

28       Since reasonable jurists would agree that neither evidentiary ruling rendered Petitioner's trial

1 | so fundamentally unfair as to violate due process, the certificate should not issue.  Accordingly, the
2 | Court **DENIES** Petitioner's requests for a certificate of appealability.
3 |     IT IS SO ORDERED.

DATED: April 24, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge